# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
May 25, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JAMES LEDBETTER,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0721** (BOR Appeal No. 2050151)
(Claim No. 2012038654)

**TRITON CONSTRUCTION, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner James Ledbetter, by George Zivkovich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Triton Construction, Inc., by Timothy Huffman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 1, 2015, in which the Board affirmed a December 23, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 31, 2013; January 23, 2014; and May 16, 2014, decisions which denied the addition of shoulder sprain/strain, labral tear of the shoulder, and ganglion cyst to the claim and also denied authorization of a right shoulder arthroscopy. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Ledbetter, a laborer, was injured in the course of his employment on June 14, 2012. The report of injury states that he was placing a ladder on a bank, slipped, and the ladder fell on him injuring his right wrist and arm. He sought treatment that day at Camden Clark Memorial Center and was diagnosed with a contusion of the right forearm. He followed up on June 18, 2012, and it was noted that he had swelling, tenderness, and limited range of motion in his right arm. He reported increased pain in his right wrist that extended into his wrist. A right shoulder

MRI taken on June 26, 2012, revealed thinning of the distal rotator cuff tendon suggesting an incomplete partial articular surface tear, cystic changes in the humeral head, and findings consistent with a large labral cyst.

Mr. Ledbetter was treated for the compensable injury by Jessica Wooton, FNP-BC. A treatment note on June 25, 2012, indicates he reported neck pain and stiffness as well as right shoulder pain, swelling, stiffness, and weakness. Ms. Wooton diagnosed shoulder contusion and shoulder sprain. On July 19, 2012, Mr. Ledbetter reported that his pain was getting worse. Ms. Wooten diagnosed sprained right supraspinatus tendon, sprained right superior glenoid labrum lesion, cervicalgia, and contusion of the shoulder. Physical therapy was recommended. On September 6, 2012, it was noted that Mr. Ledbetter had not started physical therapy and requested additional time off of work. Ms. Wooten stated he had been treated with NSAIDS, oral steroids, and joint injections with no reported improvement. She opined that his current pain complaints do not correlate with the physical findings. However, on July 19, 2012, she requested the addition of sprained right supraspinatus tendon, sprained right superior glenoid labrum lesion, and cervicalgia to the claim.

Mr. Ledbetter was referred to George Tokodi, D.O., who diagnosed severe right forearm pain on July 11, 2012. Dr. Tokodi reviewed the MRI and opined that while the rotator cuff injury could have possibly happened at work, the cystic structure has been present for quite some time. On August 1, 2012, Rebecca Thaxton, M.D., performed a record review in which she opined that the shoulder and neck diagnoses were not related to the compensable injury. She stated that the rotator cuff tear could have been caused by the compensable injury; however, there were degenerative changes and the health records indicate the shoulder was already an active problem. She recommended that Mr. Ledbetter see Dr. Todoki for his opinion on causality. She also recommended authorization of a right arm EMG and a diagnostic shoulder injection.

Sushil Sethi, M.D., performed an independent medical evaluation on October 23, 2012, in which he diagnosed a right forearm contusion. He noted non-occupational, aging process degenerative disease with a large cyst formation in the head of the humerous and a degenerative cyst in the labrum suggestive of a chronic degenerative process. Dr. Sethi found that Mr. Ledbetter had reached maximum medical improvement and assessed 1% impairment.

Mr. Ledbetter sought treatment from George Bal, M.D., for his right shoulder condition. On December 20, 2012, Dr. Bal noted that Mr. Ledbetter reported continuous, severe right shoulder pain that had been present since the work-related injury. The pain radiated down the arm to the forearm. Dr. Bal diagnosed right labral tear with paralabral cyst. He opined that the tear caused the cyst and recommended a right shoulder arthroscopy. Dr. Bal stated that it is within reasonable medical possibility that the work-related injury caused the labral tear, but he could not say for certain as he had only examined Mr. Ledbetter once. Dr. Bal performed a right shoulder arthroscopy on January 11, 2013. In a March 21, 2013, attending physician's report, Dr. Bal requested the addition of labral tear of the shoulder and paralabral cyst to the claim.

The claims administrator denied the addition of shoulder sprain/strain to the claim on May 31, 2013. On January 23, 2014, it denied the addition of labral tear of the shoulder and

2

ganglion cyst to the claim. The claims administrator denied authorization of a right shoulder arthroscopy on May 16, 2014.

On December 5, 2013, Dr. Thaxton opined in a record review that ganglion cyst should not be added to the claim because the diagnosis was degenerative in nature. On April 2, 2014, she opined in another record review that sprain/strain of the shoulder/arm should not be added to the claim because the original mechanism of injury did not involve the right shoulder. She noted that Mr. Ledbetter suffered from degenerative conditions which have been documented in prior medical records.

In a June 24, 2014, independent medical evaluation, Prasadarao Mukkamala, M.D., diagnosed a resolved right forearm contusion and opined that denial of the addition of right shoulder sprain/strain, superior glenoid labrum lesion, and ganglion cyst to the claim was proper. He concluded Mr. Ledbetter had reached maximum medical improvement and suffered from no permanent impairment. In an August 18, 2014, record review, Dr. Mukkamala stated that his diagnosis remained unchanged. He opined that the claims administrator acted appropriately in denying authorization for the right shoulder surgery. He noted that when Mr. Ledbetter presented to the emergency room on June 14, 2012, an examination of the right shoulder was normal with no tenderness or range of motion difficulties, while examination of the forearm and elbow revealed tenderness. When Mr. Ledbetter was rechecked four days later, he again had a normal right shoulder exam with no tenderness and full range of motion. Dr. Mukkamala therefore concluded that he clearly did not injure his shoulder on June 14, 2012.

The Office of Judges affirmed the claims administrator's denial of the addition of shoulder sprain/strain, labral tear of the shoulder, and ganglion cyst to the claim as well as authorization of a right shoulder arthroscopy on December 23, 2014. It found that the claim was held compensable for elbow/forearm sprain and a forearm contusion. The report of injury made no mention of a right shoulder injury, nor do emergency records from Camden Clark Memorial Center on the day of the compensable injury or four days later. Range of motion in the shoulder was normal at that time, and there was no tenderness or swelling. The Office of Judges found that Dr. Tokodi questioned the amount of pain Mr. Ledbetter reported in his forearm. The Office of Judges also noted that Dr. Bal, who authored the diagnosis update, listed a different mechanism of injury than originally reported. Further, Dr. Bal's operative note lists the injury as a Type IV slap lesion. In her physician review, Dr. Thaxton explained that the most common slap lesion, and the most highly associated with trauma, was a Type II lesion. The Office of Judges therefore ultimately concluded that the denial of the addition of right shoulder sprain/strain to the claim was proper as the evidence failed to establish a causal connection between the compensable injury and the right shoulder sprain. The Office of Judges noted that its determination was also supported by Dr. Mukkamala's independent medical evaluation and record review

The Office of Judges also determined that the preponderance of the evidence does not support the addition of superior labral tear or paralabral cyst to the claim. It stated that Mr. Ledbetter was found to be at maximum medical improvement by Dr. Sethi in his October of 2012 independent medical evaluation as well as by Dr. Mukkamala. The Office of Judges

determined that Dr. Sethi specifically addressed the cystic changes in his evaluation and determined that they were reflective of a chronic degenerative process. Dr. Mukkamala also opined that the condition was unrelated to the compensable injury. The Office of Judges further found that Dr. Tokodi opined on July 1, 2012, shortly after the compensable injury occurred, that the cystic structure had been present for a while. Because the right shoulder is not a compensable condition in the claim, the Office of Judges also affirmed the denial of authorization of a right shoulder arthroscopy. It determined the surgery was not medically necessary or reasonably required to treat the compensable injury.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidence indicates that Mr. Ledbetter injured his right forearm and wrist when a ladder fell on him on June 14, 2012. Treatment notes show that his right shoulder was normal on the day of the injury and four days later during a follow-up. Further, a right shoulder MRI, as well as various treatment notes, indicate that his condition is the result of a pre-existing degenerative process. Because the right shoulder is not a compensable component of the claim, treatment for such was also properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   May 25, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

4